So I'll call Certain Underwriters v. Mpire Properties, 237613. Sorry for my... Now, counsel, I understand and it informed my approach to the clock in the last argument that you don't intend to use your full time. No, Your Honor. If you want to put a statement on the record, this is your time. Sure. Morning, Your Honor. Yeah, it feels a little bit like Groundhog Day. But the panel will be happy to note that this is not my first argument. So Mpire is substantively identical to 3131. Our opening briefs in 3131 and Mpire were both filed. And quite frankly, our reply... I'm sorry. Our opening briefs in Mpire and 3131 were both filed before oppositions in either case were filed. And counsel never really changed its approach. So in our view, these cases are identical and they should really be decided in the same way. I know that the panel discussed earlier the fact that delegation might not have been raised below in Mpire. But that was never raised by my colleagues on the other side. So we would argue that it's been waived. Mpire doubled down, right? They included the same misquote from Eastern Airlines. They still didn't reckon substantively with any of the four circuit decisions. And they didn't address this challenge to the arbitrate. You know, our argument that they didn't challenge the delegation provision specifically. So our position is that the court should reverse the district court and send this matter to arbitration too. Unless the panel has any other questions, I suppose I'll reserve my time. Thank you, Your Honor. Mr. Bruce. Thank you, Your Honor. William Bruce on behalf of Mpire Properties. My arguments are the same in this case that they were in 3131 veterans. I will note one thing, though, Your Honor, to more directly answer your question on collateral estoppel. I did talk about there were the cases that said, you know, you have to have the underlying signed agreement. The cases that talk about collateral estoppel saying you can't rely. Equitable estoppel? I'm sorry. Okay, good. Thank you. I thought I'd missed an issue entirely. No, no. I'm glad it's still equitable. You have not. Equitable estoppel. The cases that talk about you can't rely on part of the contract and you're equitably estoppel talking about the others, those are not convention cases that have the same signature requirements. So that's how I distinguish those. And I'll just make one other point that, you know, there's been some suggestion about, you know, you can have provisions of a treaty that are self-executing and others that are not. I'll just note that Congress didn't make that distinction when they passed the Convention Act to amend the Federal Arbitration Act in terms of this part is going to be needed to be implemented, but these other parts aren't going to need to be implemented. President Johnson's speech to Congress, the congressional reports, the entire congressional record consistently says over and over, we need this legislation to implement this convention and we can't join the convention until the legislation has been passed. So if your honors have any other questions, I'm happy to answer them, but otherwise I'll sit down. Thank you. Appreciate it. Thank you. All right, Mr. Weiser. Very quick. I have nothing further unless the court has anything further for me. Perfect. Thank you. Thank you both. Thank you, Your Honor. We'll take it under advisement. Thank you, Your Honor. Appreciate it. Well argued, both of you, and thank you.